Moncure, P.,
delivered the opinion of the court.
The Code, chapter 181, sections 5 and 6, provides, among other things, as follows, to wit: (omitting such portions of the language as are not pertinent to this case or not material to be stated).
§ 5. The court in which there is a judgment by default, or a decree on a bill taken for confessed, or the judge of said court in the vacation thereof, may on motion reverse -such judgment or decree for any error for which an appellate court might reverse it if the following section was not enacted, and give such judgment or decree as ought to be given. Every such motion shall be, after reasonable notice to the opposite party, his agent or attorney, in fact or at law, and shall be within five years from the date of the judgment or decree.
§ 6. Ko appeal, writ of error or supersedeas shall be allowed by an appellate court or judge, for any matter for which a judgment or decree is liable to be reversed on motion as aforesaid, by the court which rendered it, or the judge thereof, until such motion be made and overruled in whole or in part.
The judgment to which the supersedeas was awarded *109 in this case, is a judgment hy default. It is a judgment upon a motion on a forthcoming bond, and is in this form : “ It appearing that the defendants have had legal-notice of this motion, they were solemnly called, and not appearing, on motion of the plaintiff' by his attorney, it is considered that the plaintiff; recover,” &c.
It is stated at the foot of the judgment, that “ on motion of defendants, the execution on this judgment is suspended for sixty days, upon the execution of a suspending bond with good security in the penalty of five hundred dollars, conditioned according to law.” This may show, or tend to show, that the defendants were present, in person or by attorney, when the judgment was rendered. But it does not show, nor tend to show, that the judgment was not by default; that the defendants made any defence in the court below. It shows the contrary; that instead of making defence in that court, they intended to make it in an appellate court.
There is also in the record a statement to this effect, purporting to be signed by the counsel of the defendant in error: “It is agreed by counsel, that the note upon which the original judgment was obtained upon which the forthcoming bond in this case was .given, was a contract made prior to the year 1865.” But this paper bears date August 16,1870, long after the judgment was rendered, and of course can have no effect upon the question as to whether.the judgment was by default. It was probably signed about the time the supersedeas was applied for, and for the purpose of being made a part of the record in the appellate court. Whether it was signed before o.r after judgment, it cannot show that the judgment was not, what it conclusively appears on its face to be, a judgment by default.
It necessarily follows, from what has been said, that the supersedeas in this .case must be dismissed, as having been improvidently awarded.
As to the case of Beale v. Wilson, &c., 4 Munf. 380, to *110 which we have been referred in reference to this question, it is sufficient to say, that it was decided long before the provisions of the Code before mentioned existed, and of course it does not apply to this case, whatever may be the meaning and effect of the decision.
While it is necessary to dismiss the supersedeas, we yet deem it proper to state, with a view of preventing further litigation between the parties, that we have considered the assignment of error contained in the petition, and do not think it sustainable. • We would have, therefore, to affirm the judgment if we had jurisdiction of the case in its present situation. We would have to affirm it on this ground, if no other, that according to the true construction of the act approved May 28,1870, entitled “ an act to prevent the sacrifice of personal property at forced sales,” (Acts of Assembly 1869-70, ch. 120, p. 162), we think that three months notice of a motion on a forthcoming bond is not required by the act in any case where the bond was forfeited before the passage of the act; as the bond in this case was. There are other grounds on which the judgment might probably be affirmed, but it is unnecessary to state them.
The supersedeas is therefore dismissed with costs.
The judgment was as follows :
The court is of opinion, for reasons stated in writing and filed with the record, that as the said judgment is by default, and it does not appear that any motion has been made to the said Circuit court, or the judge of said court in the vacation thereof, to l’e verse such judgment in pursuance of the' Code, chapter 181, section 5 ; the said writ of supersedeas, according to the next section, 6, was improvidently awarded, and must, therefore, be dismissed. But, for the purpose of avoiding unnecessary delay and expense to the parties, it seems to be proper to state that the court has considered the question presented by the petition, and argued by the counsel in *111 this case, and is of opinion, that there is no error in the said judgment; and the court would have to affirm the said judgment but for its being premature to do so, under the provisions of the Code aforesaid. Therefore, it is consi. lered and ordered that the said writ of error be dismissed, and that the plaintiffs in error pay to the defendant in error his costs by him about his defence in this behalf expended. Which is ordered to be certified to the said Circuit court of Smythe pounty. <
Supersedeas dismissed.